## Case No. 837.

### BANERT v. ECKERT.

[4 Wash. C. C. 325.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1822.

ARBITRATION AND AWARD — WITHOUT ORDER OF COURT—ENFORCING AWARD.

Pending an ejectment in the court, the parties agreed to refer it to certain persons to value the land in controversy, one third of which it was agreed belonged to the plaintiff, and two thirds to the defendant, and that if, by drawing lots, it should turn out that the plaintiff should take the whole, he was to pay the appraised value of the two thirds to the defendant. The award being made, the court refused to confirm it. The reference not being made under an order of court, the party complaining must resort to his ordinary remedy at law or in equity, founded on the agreement and award.

[Cited in U. S. v. Ames, Case No. 14,441.]

---

[2] [From Wall. Notes Dec.]
[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Esq.]

[2] [From Wall. Notes Dec.]

Rule to show cause why the award made in this cause should not be confirmed. Pending the ejectment in this court, the parties entered into an agreement to refer it to certain persons to value the land in controversy, one third of which, it was agreed, belonged to the plaintiff, and the other two thirds to the defendant; and that the parties should decide by lot, which of them should take the whole land at the valuation, and that if it should fall to the plaintiff, the defendant should make a conveyance to him of his two thirds. The award was made, and the land was decided, in the manner pointed out by the agreement, to belong to the plaintiff. The defendant executed and tendered to the plaintiff a deed pursuant to the agreement.

Mr. Ewing, for defendant.
Mr. Ingraham, for plaintiff.

WASHINGTON, Circuit Justice, delivered the opinion of the court. The award, in this case, not having been under a reference by order of court, the agreement to refer can be considered only in the light of a private agreement of the parties, to be enforced by suit at law or in equity, as either may be best adapted to the case. Should either party refuse to comply with the award, he would commit no contempt of the court. The practice of the state courts,—[Kunckle v. Kunckle,] 1 Dall. [1 U. S.] 364,—by which awards like the present are enforced, grows out of the necessity of the case, produced by the want of a court of equity. But the same necessity does not exist as to questions depending in this court. It is of great consequence to the due administration of justice, that the line of demarcation between the law and the equity side of the courts of the United States should be constantly kept in view. Should we open the door of the former to applications like the present, we might as well shut that of the latter. Rule discharged.